State v. White

STATE OF NORTH CAROLINA v. HOWARD WHITE

No. 7527SC371

(Filed 15 October 1975)

**Receiving Stolen Goods § 6— instructions — assumption goods were stolen**

In a prosecution for receiving stolen property, the trial court erred in giving the jury instructions which assumed that the goods allegedly received by defendant had been stolen.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 22 January 1975 in Superior Court, GASTON County. Heard in the Court of Appeals 29 August 1975.

Defendant pled guilty to six felony charges of receiving stolen goods in cases 74CR18315, 18316, 18994, 18996, 18993, and 18992. He pled not guilty to three felony charges of receiving stolen goods in cases 74CR18995, 18991, and 18990.

The jury found defendant guilty as charged. The trial court consolidated for judgments the cases 74CR18990, 18315, and 18316, and imposed a sentence of ten years in the State's Prison. Cases Nos. 74CR18995, 18991, 18994, 18992, 18996, and 18993 were consolidated for judgment, and the trial court imposed a sentence of five years in the State's Prison, this sentence to run at the expiration of the ten-year sentence.

From these judgments, defendant appeals.

*Attorney General Edmisten by Associate Attorney Jesse C. Brake for the State.*

*Childers and Fowler by Henry L. Fowler, Jr. and Frank Patton Cooke for defendant appellant.*

CLARK, Judge.

It is noted that one of the contested charges (74CR18990) was consolidated with two guilty plea charges for judgment, in which the sentence of ten years' imprisonment was imposed; and that two of the contested charges (74CR18991 and 18995) were consolidated with four guilty plea charges for judgment, in which the consecutive sentence of five years' imprisonment was imposed. Therefore, the charges to which defendant entered pleas of guilty support both of the judgments of the trial court.

State v. White

The three contested charges were consolidated for trial. We find no merit in defendant's exception to the order of consolidation. Nor do we find error in the overruling of defendant's motion to dismiss.

In the final mandate to the jury on each of the three charges of receiving stolen goods, the trial judge instructed as follows: ". . . I instruct you that if you should find from the evidence beyond a reasonable doubt that . . . the defendant, Howard White, with a dishonest purpose, that is to say, with the purpose of permanently depriving the lawful owners of the use of his property which the defendant, Howard White, knew was stolen following a breaking or entering, it would be your duty to return a verdict of guilty of feloniously receiving stolen goods."

It further appears that the trial judge, where referring to each of the three charges in the indictments instructed the jury in part as follows: (1) "that is the case wherein Mr. Roy Hullett's property was stolen as alleged"; (2) "that is, the case in which Mr. Thompson's property was stolen"; and (3) "that is to say the case in which Mr. Henry Jumper's property was taken."

One of the elements of the offense of "receiving stolen property" is that the property was stolen by someone other than the defendant. The court in its instructions to the jury should not assume that any fact has been established even though the evidence in regard thereto is uncontradicted, since the credibility of the evidence remains a question for the jury. 7 Strong, N. C. Index 2d, Trial, § 36, p. 342.

For errors in the charge we order in cases Nos. 74CR18995, 18991, and 18990.

New trials.

Judges MORRIS and VAUGHN concur.